United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELEN TAN,

    Plaintiff,

v.

UNIVERSITY OF CALIFORNIA SAN FRANCISCO, et al.,

    Defendants.

No. C 06-04697 TEH

**ORDER RE DEFENDANTS' MOTION TO DISMISS**

This matter came before the Court on Monday, March 12, 2007 on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(B)(6). Having carefully considered the parties' written and oral arguments, and the governing law, the motion is granted in part and denied in part for the reasons set forth below.

I. BACKGROUND

Plaintiff, Helen Tan, a 56-year-old Asian woman, was employed for 22 years by The Regents of the University of California ("The Regents") from October 13, 1983 until her termination on February 21, 2006. She started as a Medical Technologist in the Microbiology Department and later worked as a Clinical Laboratory Scientist at the

1  University of California San Francisco ("UCSF") General Hospital. She subsequently
2  filed this action *pro se* challenging her termination.

3  After Defendants filed a motion to dismiss the Court provided Plaintiff with
4  additional time to obtain counsel. Plaintiff thereafter retained counsel who filed a First
5  Amended Complaint ("FAC"). Currently before the Court is Defendants' revised motion
6  to dismiss in light of the FAC.

7  The FAC alleges the following: In December 2000, Plaintiff began developing
8  work-related injuries including Carpel Tunnel Syndrome and DeQuervain's tendinitis.
9  As a result, Plaintiff took multiple medical leaves between 2001-2003 for medical
10 appointments, chiropractor, acupuncture and physical therapy. In July 3, 2003 she had
11 surgery on her right wrist. When she returned after a month's medical leave, her
12 supervisor Lucy Weir ("Weir") started a campaign of discrimination and harassment
13 against Tan that included (1) requiring her to carry heavy boxes, (2) inappropriate and
14 verbally abusive comments,  (3) refusing to allow Plaintiff to attend a continuing
15 education conference, and (4) physically grabbing Plaintiff's face. After this last
16 incident another supervisor told Plaintiff that Wier was "out of control."

17 When Plaintiff filed complaints against Weir for her abusive activity, Weir
18 retaliated by forcing Plaintiff to do twice the work of others, making false accusations
19 about her work, and creating a hostile work environment.  Plaintiff alleges that the
20 above harassment, and her ultimate termination, were due to discrimination based on her
21 physical disability, age, and race. She also asserts claims for retaliation and  assault and
22 battery against Weir and for emotional distress. In all, she asserts 13 federal and state
23 claims against The Regents (improperly sued as UCSF, San Francisco General Hospital)
24 and two of her former supervisors, Lucy Weir and Marguerite Roemer.).

25 By this motion, Defendants seek dismissal of eight of Plaintiff's 13 claims. First,
26 they seek dismissal of Plaintiff's claims under the Fair Employment and Housing Act
27 ("FEHA") on the ground that they are barred by the doctrine of judicial exhaustion.
28 Second, Defendants seek dismissal of Plaintiff's wrongful termination and wrongful

suspension claims on the ground that they are barred by Government Code § 815(a). Third, Defendants seek dismissal of Plaintiff's claim under the Americans with Disability Act ("ADA") on the ground that it is barred by Eleventh Amendment immunity. Each issue is addressed in turn.

## II.  LEGAL STANDARD

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(6) when the complaint fails to state a claim upon which relief can be granted. The court must accept as true the factual allegations of the complaint, and indulge all reasonable inferences to be drawn from them, construing the complaint in the light most favorable to the plaintiff. *Russell v. Landrieu*, 792 F.2d 896, 898 (9th Cir. 1986). The Court must construe the complaint liberally, and dismissal should not be granted unless "it appears to a certainty that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Intake Water Co. v. Yellowstone River Compact Comm'n,* 769 F.2d 568, 569 (9th Cir. 1983).

## III.  DISCUSSION

### A.  Whether Plaintiff's FEHA claims are barred by the Judicial Exhaustion Doctrine

Defendant argues that Plaintiff's FEHA claims (for age, race, disability, retaliation, and harassment) are barred by the judicial exhaustion doctrine. This doctrine provides that an employee of a quasi-judicial agency who receives an adverse determination of his her or claim in an administrative proceeding is barred from pursuing an inconsistent claim under FEHA unless the employee first gets the adverse decision overturned in a mandamus action in state court. *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 76 (2000) ("We conclude that when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the

3

findings set aside through judicial review procedures [i.e. a mandamus action], the adverse finding is binding on discrimination claims under FEHA").

In essence, this doctrine is a "species of res judicata" and collateral estoppel. *Knickerbocker v. City of Stockton*, 199 Cal. App.3d. 235, 243-44 (1988). As such, the effect of this doctrine is that public employees who pursue their employment claims in civil service or other administrative proceedings – and lose – are typically collaterally estopped from later asserting FEHA claims in court. *See e.g., Miller v. County of Santa Cruz*, 39 F.3d 1030, 1038 (9th Cir. 1994) (civil service commission); *Page v. Los Angeles County Probation Dep't*, 123 Cal. App.4th 1135, 1142 (2004) (same); *Knickerbocker*, 199 Cal.App.3d at 242 (same); *McGill v. Regents of University of California*, 44 Cal.App.4th 1776, 1787 (administrative tenure proceedings). The rationale underlying the doctrine is that it is necessary to give binding effect to such administrative agency findings to avoid rendering them little more than "dress rehearsals for litigation."*Johnson*, 24 Cal. 4th at 72.

Defendants argues that the doctrine applies here because (1) The Regents is a quasi-judicial agency, (2) Plaintiff, a union member, filed and lost three grievances under her collective bargaining agreement ("CBA"), and (3) never got the adverse rulings overturned in a mandamus proceeding in state court.

There is no dispute that Plaintiff filed three grievances alleging violations of her CBA with respect to: (1) her poor performance evaluation, (2) a related 5-day suspension, and (3) her ultimate termination. (Plaintiff also received a "pre-termination" "Skelly" hearing). The CBA provides that a grievance is reviewed at three different levels (Step 1-3), and can then proceed to arbitration. There is also no dispute that Plaintiff's grievances were denied at the Step 1 or 2 level and were not appealed further.[1]

---

[1] Defendants have submitted the records relating to the grievances Plaintiff initiated under her CBA along with a Request For Judicial Notice. Courts have taken judicial notice of such records maintained by a public agency on a motion to dismiss. *See e.g. Page v. Los Angeles County Probation Dep't* , 123 Cal. App.4th 1135, 1139 n.2 (2004). Plaintiff does not oppose this request and it is properly granted. In addition, Plaintiff's unopposed request that the Court take judicial notice of Article 25

4

1   Nor is there any dispute that The UC Regents is a quasi-judicial agency and that
2 Plaintiff never got the adverse grievance determinations overturned by a state court in a
3 mandamus proceeding. The Regents, however, have not persuaded the Court, that, as a
4 matter of law, the judicial exhaustion doctrine clearly extends to employees, like Ms.
5 Tan, who initiate a grievance pursuant to their CBA for the following reasons.

6   First, as the above discussion indicates, the judicial exhaustion doctrine has been
7 traditionally applied to adverse findings in administrative/civil service proceedings, *not*
8 collectively bargained for grievance proceedings. And while the rationale underlying the
9 doctrine could arguably apply where an employee pursues a CBA grievance, *Johnson*,
10 the leading California Supreme Court case in this area, strongly signaled that it would
11 have viewed the case differently if it had involved a union employee pursuing contract
12 rights under a CBA. *Johnson,* 24 Cal. 4th at 76.

13   Specifically, the *Johnson* Court rejected the argument that *Alexander v. Gardner-*
14 *Denver Co.,* 415 U.S. 36 (1974) (which held that an adverse arbitration decision under a
15 CBA did not bar a later Title VII claim) undermined its holding. *Johnson*, 24 Cal. 4th at
16 75-76. It emphasized that *Alexander* involved arbitration of "contract-based" claims,
17 that the arbitrators lacked authority to resolve statutory claims, and that the arbitration
18 "was in the context of a collective bargaining agreement, which by its very nature gives
19 rise to a tension between collective representation and individual statutory rights." *Id*. at
20 76. The Court concluded that "[t]his case [*Johnson*] involves neither mandatory
21 arbitration *nor collective bargaining.* Thus, [*Alexander*] has no bearing on this case." *Id*.
22 (emphasis added).

23   Thus, *Johnson* itself indicates that where an employee is solely alleging violations
24 of contract rights contained in the collective bargaining agreement, and the grievance
25 process does not expressly give the decision-maker authority to decide FEHA claims,

---

28 of the collective bargaining agreement governing Ms. Tan is also granted. *See* McCoy Dec., Ex. A.

5

that the invocation of the grievance process will not necessarily collaterally estop the plaintiff later from asserting his or her statutory rights under FEHA.

Such a result is consistent with case law regarding the effect of adverse findings in union arbitrations generally – which holds that while such findings do bar later common law tort claims against the employer, they do not collaterally estop a later statutory civil rights claim absent an express waiver of the Plaintiff's right to sue. *See e.g. Taylor v. Lockheed Martin Corp.*, 113 Cal.App.4th 380, 386, 387 (2003) (Plaintiff did not waive right to pursue statutory retaliation claim when he submitted grievance to his union); *Camargo v. California Portland Cement Co*., 86 Cal. App.4th at 995, 1014 (prior labor arbitration does not collaterally estop FEHA claim absent clear and unmistakable waiver of the employee's right to sue). *Taylor* recognized the "tension" between decisions denying collateral estoppel effect to labor arbitrations and case law involving non-union employees. *Taylor*, 113 Cal. App.4th at 385-86, but concluded that *Alexander* and other cases required this distinction.

Here, of course, there is not even an arbitration decision. Rather, the grievance only progressed to "Step 1" or "Step 2" which in both cases involves review of the Plaintiff's grievance by a designated University official. *See* Sheridan Dec., Ex. A. It is also clear that Plaintiff's grievances were limited to assertions of contractual violations of various provisions of the CBA and were resolved solely by reference to the CBA. Nor is there any record of any waiver by Plaintiff of her statutory rights.

Notably Defendants admit that they can cite to only one case which has applied the judicial exhaustion doctrine to a union employee. Admittedly, this case – as Defendants emphasize – expressly applied the judicial exhaustion doctrine to bar a union employee from bringing a later FEHA claim against the Regents. Specifically, it states:

> Plaintiff pursued many grievances through his union's collective bargaining agreement, but plaintiff did not seek administrative mandamus . . . from the unfavorable decisions. Those decisions are therefore final and binding.

6

*Claudio v. Regents of the Univ. of Calif.*, 134 Cal. App.4th 224, 249 (2005). The Court is not persuaded, however, that *Claudio*, by itself, provides a sufficient basis for determining this issue. First, while Claudio cites to *Johnson,* it fails to acknowledge or discuss the fact that *Johnson* distinguished situations that involve union grievances. Second, *Claudio* acknowledges that even the Regents' papers virtually admitted that the union proceedings would not bar the FEHA claim. *Claudio*, 134 Cal. App.4th at 251 ("The Regents in their respondents' brief suggest FEHA claims may be exempt from the grievance procedure"). *Claudio* discounted this admission, however, because plaintiffs' counsel failed to argue the issue, stating "however, because "plaintiff does not address this point in his . .. briefs [w]e therefore need not consider it." Finally, *Claudio* cites no other authority besides *Johnson*. If the judicial exhaustion doctrine applied to union grievances or adverse arbitration awards under a CBA it would appear likely that there would be other cases so holding since *Johnson*. Nor has *Claudio* been cited with approval on this point by other courts. Given all of the above, and given the distinct treatment courts have accorded matters involving CBAs, the Court declines to dismiss Plaintiff's FEHA claims on the authority of *Claudio.*

B. <u>Plaintiff's Tort Claims for Wrongful Termination and Suspension</u>

Plaintiff's third and fourth claims against The Regents assert that Plaintiff was wrongfully suspended for five days (due to a poor performance evaluation) and later wrongfully terminated, in violation of the fundamental public policies against discrimination, harassment and retaliation. Defendants contend that both these common law tort claims are barred by the immunity provided by California Government Code § 815(a).

This Court agrees. Section 815(a) "abolishes all common law or judicially declared forms of liability" for public entities. *See* Legislative Cmt. to Cal. Gov't Code

1  § 815).[2]  Rather, such liability must either be based on a state statute or required by the
2  state or federal constitution. *Sava v. Fuller*, 249 Cal. App.2d 281, 284 (1967); 5 Witkin,
3  Summary of California Law (10th ed. 2005) Torts § 223 at 373.   A claim for wrongful
4  suspension or wrongful termination in violation of public policy is a common law cause
5  of action judicially created by *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 16 (1980).
6  *See Palmer v. The Regents of the Univ. of Calif.*, 107 Cal.App.4th 899, 902, 911 (2003).
7  Accordingly, The Regents are immune from liability for Plaintiff's wrongful termination
8  and suspension claims. *Ross v. San Francisco Bay Area Rapid Transit*, 146 Cal.App.4th
9  1507, 1517 (2007)(granting summary judgment on claims against BART for wrongful
10 termination in violation of public policy finding that "[BART] has no liability (absent
11 vicarious liability) at all by virtue of section 815."); *see also Palmer*, 107 Cal.App.4th at
12 909 (noting in *dicta* that "[b]ecause the 'classic *Tameny* cause of action' is a common
13 law, judicially created tort . . . and not authorized by statute, it is not properly asserted
14 against the Regents."); *Dao v. Univ. of Calif.,* 2004 WL 18241, *9 (N.D. Cal. Aug. 13,
15 2004).

Plaintiff contends that because the public policies at issue in the wrongful termination claims (*e.g.*, the public policy against discrimination) are found in state and federal statutes that section 815.2 does not apply.  This argument, however, fails to acknowledge that the claim itself has no statutory basis.  There is also no merit to Plaintiff's argument that because anti-discrimination policies are codified in federal statutes that California state law does not apply to her wrongful termination claims.

The Court does note that in *Scott v. Solano County Health & Soc. Servs. Dep't*, 459 F. Supp.2d 959 (E.D. Cal. 2006) , not cited by either party, the Court held that wrongful termination claims against public entities are not barred by section 815.2.  It relied exclusively, however, on *City of Moorpark v. Superior Court*, 18 Cal. 4th 1143 (1998) which did not involve any issue regarding immunities and makes no mention of

---

[2] Section 815(a) states that: "Except as otherwise provided by statute," a public entity is "not liability for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

8

section 815.2.  Indeed, in *Ross*, the California Court of Appeal expressly rejected *Scott,* finding it "unpersuasive"given its reliance on *Moorpark* and its failure to offer any independent analysis. 146 Cal. App.4th at 1517 n.9.  Accordingly, the Court concludes that The Regents are immune from Plaintiff's wrongful termination and suspension claims under section 815(a).

### C. Plaintiff's ADA Claim

Finally, Defendants contend that Plaintiff's claim against The Regents under the ADA is barred by the Eleventh Amendment.  As Defendants point out in their moving papers, the Supreme Court has expressly held that states are immune under the Eleventh Amendment from damage claims for employment discrimination under Title 1 of the ADA.  Plaintiff appears to concede this point but argues that she can still bring a claim under Title II of the ADA which prohibits public entities from denying individuals from participating in services, programs or activities due to a disability.  The Ninth Circuit, however, has squarely held that Title II does not apply to employment. *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169 (1999).  Thus, Plaintiff's reliance on an Eleventh Circuit case and a 1998 California district court case (*Albierti v. City and County of San Francisco Sheriff's Dep't*, 32 F. Supp.2d 1164 (N.D. Cal. 1998)) is sorely misplaced. Plaintiff's ADA claim must therefore be dismissed.

### IV. CONCLUSION

In light of the above, and good cause appearing, it is HEREBY ORDERED that:

1. Defendants' Motion to Dismiss is granted in part and denied in part as follows:

    A. Defendants' motion to dismiss Plaintiff's FEHA claims (the 1st, 2nd, 6th , 9th and 10th causes of action) is denied.

    B. Defendants' motion to dismiss Plaintiff's wrongful termination and suspension claims (the 3rd and 4th causes of action), and ADA claim (5th cause of action) is granted.  As there does not appear to be any manner in which Plaintiff can

cure the defects relating to these claims, the third, fourth, and fifth claims are dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: 3/28/07

THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE