IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

HELEN TAN,

                Plaintiff,

v.

UNIVERSITY OF CALIFORNIA SAN FRANCISCO, et al.,

                Defendants.

CASE NO. 06-04697 TEH

ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PUNITIVE DAMAGES AGAINST THE REGENTS

       This matter comes before the Court on Defendants' Motion to Strike Punitive Damages against the Regents. Having carefully reviewed the parties' papers, and the record herein, the Court GRANTS Defendants' Motion to Strike Punitive Damages against the Regents for the reasons stated herein.

**BACKGROUND**

       The background of this case is discussed in this Court's order granting Defendants' Motion to Dismiss.

**LEGAL STANDARD**

       Rule 12(f) provides that a party may ask a court to strike any part of the pleading that contains an "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are commonly used to "strike a prayer for relief where the damages sought are not recoverable as a matter of law." *Gay-Straight Alliance Network v. Visalia Unified School Dist.*, 262 F. Supp.2d 1088, 1110 (E.D. Cal. 2001)

## DISCUSSION

Plaintiff seeks punitive damages against the Regents on several causes of action alleged in her complaint.  Defendants contend that the punitive damage allegations against the Regents should be stricken because they cannot be granted as a matter of law.  The Court agrees with Defendants.

### 1.  State Claims Against The Regents

With respect to Plaintiff's state claims against the Regents, Government Code § 818 provides that a public entity is not liable for damages awarded under  § 3294 of the Civil Code or other forms of exemplary damages.[1]  Cal. Gov't Code § 818.

It has been widely accepted that a public school and its board is a "public entity" within the meaning of the statute.  *Gay-Straight Alliance*, 262 F. Supp. 2d at 1111; *Barefield v. Cal. State Univ. Bakersfield*, 2006 U.S. Dist. LEXIS 21677, *20 (E.D. Cal. Mar. 28, 2006).  Since punitive damages are primarily designed to punish defendants rather than compensate plaintiffs, a claim for punitive damages against a school is futile under Government Code § 818.  *Gay-Straight Alliance*, 262 F. Supp. 2d at 1111.

### 2.  Federal Claims Against The Regents

Plaintiff also asserts several causes of action under federal law, including § 1981 for racial discrimination and the American Disabilities Act and Rehabilitation Act for disability discrimination.   Government Code § 818 does not apply to Plaintiff's federal claims. *Barefield,* 2006 U.S. Dist. LEXIS 21677 at *21.  However, the language in Section 1981 itself does not allow for punitive damages against governmental agencies.  "A complaining party may recover punitive damages in this section against a respondent, *other than a government or government agency*."  42 U.S.C. § 1981a(b)(1) (emphasis added); *see also*

---

[1]  Cal. Civ. Code § 3294 provides "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant[s] ha[ve] been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

2

1  *Singleton v. University of California*, 1995 U.S. Dist. LEXIS 329, *11(N.D. Cal. Jan. 6,
2  1995).

3  Additionally, courts have precluded punitive damages against a public entity under
4  both the Rehabilitation Act and American Disabilities Act.  *See Lovell v. Chandler*, 303 F.3d
5  1039, 1048 (9th Cir. 2002) (Holding that punitive damages were not available under § 504 of
6  the Rehabilitation Act); *see also Peacock v. Terhune*, 2002 U.S. Dist. LEXIS 1136, *16-17
7  (E.D. Cal. Jan. 23, 2002) (Holding that "because punitive damages are neither consistent
8  with Congress's clear intent, nor appropriate against public entities, the court follows the
9  established rule that they are not available under the [American Disabilities Act]").  Thus,
10 punitive damages against a public entity are unavailable under Section 1981, the ADA, and
11 the Rehabilitation Act.

### CONCLUSION

Accordingly, and good cause appearing, IT IS HEREBY ORDERED that Defendants' Motion to Strike Punitive Damages Against the Regents is GRANTED. This ruling does not affect Plaintiff's punitive damage claim against individual Defendant, Lucy Weir.

**IT IS SO ORDERED.**

DATED  3/28/07

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3